UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN BANKHEAD, JEFFREY
WELLCHECK,

                         Plaintiffs,

-vs-                                                          Case No.  6:07-cv-643-Orl-19GJK

WRP ENTERPRISES, INC., d/b/a Riteway
Building Services, WILLIAM PHILLIPS,

                         Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.      Revocation of Notice of Settlement and Request for Referral to Magistrate Judge for

        Settlement Conference by Plaintiffs Brian Bankhead and Jeffrey Wellcheck (Doc.

        No. 42, filed Aug. 5, 2008); and

2.      Motion for Case Status Conference and for an Order Abating the Re-Starting of

        Arbitration Proceeding of This Case Pending This Court's Status Conference by

        Defendants WRP Enterprises, Inc., d/b/a Riteway Building Services, and William

        Phillips (Doc. No. 44, filed Aug. 26, 2008).

### Background

Plaintiffs Brian Bankhead and Jeffrey Wellcheck filed this action against Defendants WRP

Enterprises, Inc., d/b/a Riteway Building Services, and William Phillips on April 20, 2007 for

unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19

(2006).  (Doc. No. 1; Doc. No. 9, filed May 2, 2007 (Amended Complaint).)  On June 13, 2007,

Defendants filed an Unopposed Motion to compel arbitration and stay the proceedings pending the completion of the arbitration.  (Doc. No. 21.)  The Court granted this Motion and stayed the proceedings.  (Doc. No. 22, filed June 16, 2007.)  The Court further directed administrative closure of the case pending resolution of the arbitration proceedings and ordered Plaintiffs to file status reports every ninety days.  (Doc. No. 29, filed Jan. 9, 2008.)

The parties filed a Joint Notice of Settlement on March 27, 2008.  (Doc. No. 36.)  In this Notice, the parties stated that they expected to have a final agreement executed no later than April 4, 2008.  (*Id.* at 2, ¶ 6.)  According to the Notice, "Thereafter, the attorneys for the Parties will file a Joint Motion with this Court for the Court's review and approval of the Parties' settlement."  (*Id.* ¶ 7.)  The parties never filed such motion.  The day after the filing of the Notice of Settlement, the Court entered an Order dismissing the case, subject to the right of any party to reopen the action within thirty days upon good cause shown, or to submit a notice of voluntary dismissal with prejudice, or to submit a stipulated form of final judgment.  (Doc. No. 37, filed Mar. 28, 2008.)  Several months later after not hearing further from the parties, the Court entered an Order referring the case to the U.S. Magistrate Judge for Report and Recommendation as to whether any settlement was a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  (Doc. No. 38, filed June 13, 2008.)

On July 22, 2008, U.S. Magistrate Judge Kelly issued an Order to Show Cause in which he directed the parties to apprise the Court of the status of the case.  (Doc. No. 39.)  Both parties responded to the Order, indicating that the settlement agreement had not yet been finalized.  (Doc. No. 40, filed July 22, 2008; Doc. No. 41, filed Aug. 1, 2008.)  Later, Plaintiffs filed a Revocation of the Notice of Settlement and requested that the Court refer the matter to the Magistrate Judge for

a settlement conference.  (Doc. No. 42.)  The Court then again entered an Order referring the case

to the U.S. Magistrate Judge for Report and Recommendation as to whether any settlement was a

"fair and reasonable resolution of a bona fide dispute" over FLSA issues. (Doc. No. 43, filed Aug.

7, 2008.)  In response, Defendants filed a Motion for a status conference and for an Order abating

the arbitration proceedings.  (Doc. No. 44.)  Defendants have also entered into the record a Notice

of Filing the latest version of the proposed settlement agreement.  (Doc. No. 45, filed Aug. 29,

2008.)

## Analysis

### I.    Order of Dismissal

In FLSA cases, the Court has a duty to review any compromise[1] of claims for back wages

or liquidated damages to ensure the compromise is a "fair and reasonable resolution of a bona fide

dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355

(11th Cir. 1982).  Thus, an FLSA case over which a district court retains jurisdiction should not be

dismissed based on the compromise of the parties without the court's approval of the settlement

agreement. *See id.* at 1352-55.  Accordingly, this Court erred in dismissing the case upon the Notice

of Settlement without first reviewing the compromise under the *Lynn's Food Stores* standard.

However, since neither party moved to reopen the case within thirty days thereafter, the dismissal

has become a final judgment.  *See, e.g.*, *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132

(11th Cir. 1994) (explaining that a dismissal without prejudice becomes a final judgment when the

---

[1]      The *Lynn's Food Stores* scrutiny only applies to "compromises" of FLSA claims. *E.g.*, *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  When a plaintiff is offered full compensation on his or her claim, the case does not involve a compromise, and the judicial scrutiny outlined in *Lynn's Food Stores* is not necessary.  *Id.*

specified time for amendment has passed). A district court may *sua sponte* reconsider the substance of a final judgment only within ten days after the entry of that judgment. Fed. R. Civ. P. 59(d), (e). The Court's Order dismissing the case was entered on March 28, 2008 and became final thirty days later. Since more than ten days have passed since the entry of final judgment, this Court lacks jurisdiction to reconsider the Order *sua sponte* under Rule 59.

Rule 60 of the Federal Rules of Civil Procedure provides additional grounds for relief from a judgment or order. A court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" on motion or on its own under Rule 60(a). However, as explained by the Eleventh Circuit, "While the district court may correct clerical errors to reflect what was intended at the time of ruling, '[e]rrors that affect substantial rights of the parties . . . are beyond the scope of rule 60(a).'" *Weeks v. Jones*, 100 F.3d 124, 128-29 (11th Cir. 1996) (quoting *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982)). Thus, "for Rule 60(a) purposes, a mistake of law is not a 'clerical mistake,' 'oversight,' or 'omission' . . . ." *Id.* at 129 (quoting *United States v. Whittington*, 918 F.2d 149, 150 n.1 (11th Cir. 1990)). Because of these limitations on the scope of the Court's authority to alter its judgment, the Court may not reconsider the substantive merits of its Order dismissing the case under Rule 60(a).

Rule 60(b) provides another avenue for reconsideration. This Rule states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Such motion "must be made within a reasonable time" and for reasons (1), (2), and (3),  "no more than a year after the entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Although neither party moves for relief from judgment under Rule 60(b), both parties seek relief that would be available only if the Court reopened the case.  (*See* Doc. No. 42 (revoking settlement and seeking referral to the Magistrate Judge for a settlement conference); Doc. No. 44 (seeking a status conference and abatement of arbitration proceedings).)  Accordingly, in the interests of justice, the Court construes these filings as motions to reopen the case and to reconsider the Court's Order of dismissal which was based on a mistake of fact.  *See Muegge v. Heritage Oaks Golf & Country Club, Inc.*, No. 8:05-cv-354-T-24MAP, 2007 WL 1362704, at *1 (M.D. Fla. May 7, 2007) (construing a document entitled a "Response" to an order as a motion for relief from judgment under Rule 60(b)); *see also Abimbola v. Broward County*, 266 F. App'x 908, 910 (11th Cir. 2008) (finding that an untimely motion for reconsideration may be construed as a Rule 60(b) motion for relief from judgment); *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996) ("Rule 60(b) is to be given a liberal and remedial construction in order to do "substantial justice." (citing *United States v. Real Prop. & Residence*, 920 F.2d 788, 792 (11th Cir. 1991)).  Since the Court dismissed the case on the parties' representation that a settlement had been reached but prior to the

finalizing of the settlement agreement and Court approval of such agreement, the Court finds that relief is justified under Rule 60(b)(6).  Therefore, the Court vacates its March 28, 2008 Order at Docket Number 37.

## II.     Orders of Referral

The Court also entered two Orders referring the case to the U.S. Magistrate Judge for Report and Recommendation as to whether any settlement was a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  (Doc. Nos. 38, 43.)  However, no final settlement agreement was ever reached in this case.  (*See* Doc. Nos. 40-42, 44.)  The Court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.  *E.g.*, *Dunn v. Savage (In re Saffady)*, 524 F.3d 799, 803 (6th Cir. 2008); *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008); *Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000).  Because these Orders were interlocutory and were entered based on a mistake of fact, the Court exercises its inherent discretion to vacate the June 13, 2008 Order at Docket Number 38 and the August 7, 2008 Order at Docket Number 43.

## III.    Status of the Case

With the Orders at Docket Numbers 37, 38, and 43 vacated, the stay and administrative closure directed in the Orders at Docket Numbers 22 and 29 are reinstated.  Defendants previously sought to enforce the arbitration agreement in the employment contract between the parties, and this Motion was not opposed by Plaintiffs.  (Doc. No. 21.)  The agreement stated:

> Any claim or controversy that arises out of or relates to this agreement, of the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association.  Judgment upon the award rendered may be entered in any court with jurisdiction.

(*Id.* at 2.)  The Court granted Defendants' Motion and compelled arbitration.  (Doc. No. 22.)

Pursuant to the Federal Arbitration Act:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (2006).  Because the Court previously found that this case was referable to arbitration and stayed the case "pending resolution of the arbitration proceedings," (Doc. No. 29), the case will remain stayed until, pursuant to the parties' contract, it is "settled by arbitration in accordance with the rules of the American Arbitration Association."  (Doc. No. 21 at 2.)  Therefore, the Court denies Plaintiffs' Motion to refer the case to the Magistrate Judge for a settlement conference (Doc. No. 42) and Defendants' Motion for a status conference and abatement of the arbitration proceedings (Doc. No. 44).

## Conclusion

Based on the foregoing, the Revocation of Notice of Settlement and Request for Referral to Magistrate Judge for Settlement Conference by Plaintiffs (Doc. No. 42, filed Aug. 5, 2008) and the Motion for Case Status Conference and for an Order Abating the Re-Starting of Arbitration Proceeding of This Case Pending This Court's Status Conference by Defendants (Doc. No. 44, filed Aug. 26, 2008) are construed as Motions for relief from the Court's March 28, 2008 Order (Doc. No. 37) under Federal Rule of Civil Procedure 60(b)(6).  The Motions for relief from judgment are **GRANTED**, and the Order at Docket Number 37 is **VACATED**.  Plaintiffs' Request for Referral to Magistrate Judge for Settlement Conference (Doc. No. 42) and Defendants' Motion for Case

Status Conference and for an Order Abating the Re-Starting of Arbitration Proceeding of This Case Pending This Court's Status Conference (Doc. No. 44) are **DENIED** in all other respects.

Because the parties now represent that they never reached a final settlement agreement in this case, and the Court has the inherent power to reconsider its interlocutory orders, the Orders referring the case to the U.S. Magistrate Judge for Report and Recommendation at Docket Numbers 38 and 43 are also **VACATED**.

This case shall remain **STAYED** and **ADMINISTRATIVELY CLOSED** pending the conclusion of the arbitration proceedings. The parties shall proceed to arbitration and shall continue to comply with the Order at Docket Number 29 by filing a status report with the Court within ninety (90) days from the date of this Order, and every ninety (90) days thereafter, advising the Court what, if any, further proceedings are requested in this forum and the status of the arbitration proceedings.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 23, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record

-8-